IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 15, 2020

## STATE OF TENNESSEE v. BRYAN JAMES NICHOLAS MILAM

**Appeal from the Circuit Court for Lawrence County
Nos. 31081, 31082, 31083, 31150, 31151, 31152, 31153, 31154, 31155, 31260, 31605,
34071, 34072, 34191, 34192
Stella L. Hargrove, Judge**

_____

### No. M2019-00656-CCA-R3-CD
_____

The Defendant, Bryan James Nicholas Milam, pleaded guilty to multiple offenses over the course of three years, and in each case the trial court sentenced him to alternative sentences, including Community Corrections. Following multiple violations of the terms of his release, the trial court revoked the Defendant's Community Corrections sentence and ordered him to serve the remainder of his total effective fifteen-year sentence. On appeal, the Defendant contends that the trial court abused its discretion when it revoked his Community Corrections sentence and ordered him to serve the remainder of his sentence in confinement. After review, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS, P.J., and ALAN E. GLENN, J., joined.

R.H. Stovall, Jr., Pulaski, Tennessee (at hearing) and Jennifer Fiola, Columbia, Tennessee (on appeal), for the appellant, Bryan James Nicholas Milam.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Assistant Attorney General; Brent A. Cooper, District Attorney General; and Gary M. Howell, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I. Facts and Background

This case arises from the Defendant's underlying 2016 convictions for multiple counts of theft and burglary, as well as aggravated assault. For those convictions, the Defendant pleaded guilty in 2016 and received a total effective sentence of twelve years, suspended to probation after service of six months of confinement. Later in 2016, following the Defendant's release from service of his six-month sentence, a trial court issued a probation violation warrant based on the Defendant committing new offenses. In July 2016, after a hearing, the trial court revoked the Defendant's probation, ordering him to serve two years of confinement and then be returned to probation.

In 2017, following his release from his second term of confinement, the Defendant violated his probation a second time by committing new offenses, which resulted in him pleading guilty to domestic assault, possession of a Schedule IV controlled substance with intent to sell, burglary of a building, and burglary of an automobile. For these offenses, the trial court imposed a three-year sentence to be served consecutively to the Defendant's prior twelve-year sentence. Later in 2017, following the partial service of his prison term, the Defendant was transferred to Community Corrections. In 2018, the trial court issued a third violation warrant, and, after a hearing, the trial court revoked the Defendant's Community Corrections sentence and ordered him to serve one year of confinement and then be returned to Community Corrections.

Following his release, in 2019, the trial court issued a warrant for the Defendant's arrest after he violated his Community Corrections sentence, based on a positive drug test and an arrest. It is this warrant that is the subject of this appeal. The trial court held a revocation hearing on April 3, 2019, at which the following evidence was presented: Jason Jantke, an officer employed by the Lawrenceburg Police Department, testified that, on January 17, 2019, he conducted a traffic stop of a vehicle that had broken "tag lights." The Defendant was a passenger in the vehicle; the driver was Sterling Davis. During Officer Jantke's conversation with the vehicle's occupants, Officer Jantke detected the odor of marijuana coming from the vehicle. He asked Mr. Davis to exit the vehicle, and Mr. Davis stated that there was no marijuana inside. Officer Jantke told Mr. Davis he was going to search the vehicle based on probable cause; he asked the Defendant to exit the vehicle.

During his search of the vehicle, Officer Jantke found five syringes, a metal spoon with burn marks, a digital scale, and numerous plastic baggies. He found one plastic baggie containing what was later determined to be 1.5 grams of crystal methamphetamine. Offier Jantke detained both men and informed the men of their *Miranda* rights. The Defendant told Officer Jantke that the aforementioned items belonged to him.

Stephanie DeMay testified that she worked as the Justice Services Director at the

South Central Human Resource Agency and that as part of her work she occasionally audited the Community Corrections program. She obtained the Defendant's records and testified that the records indicated that the Defendant had tested positive for amphetamines and THC on January 15, 2019. The trial court admitted the toxicology report as an exhibit.

On cross-examination, Ms. DeMay testified that the Defendant's records indicated that he had participated in two rehabilitation programs in the past, neither of which he successfully completed. The records also indicated that he had failed multiple drug tests by testing positive for methamphetamines. She stated that the Defendant had passed two drug tests and appeared to be making an effort to stay clean. She testified that he had reported on time to his supervisor on multiple dates and had only missed reporting one time.

The State clarified that the Defendant had received two Community Corrections violations: one for a failed drug screen on January 15, 2019, and one for his arrest on January 17, 2019, for possession of drug paraphernalia and possession of methamphetamine.

The Defendant testified that he was twenty-five years old and that he had committed the offenses for which he was on Community Corrections in 2012, when he was eighteen years old. He received a fifteen-year sentence for those convictions. He agreed that he began service of his sentence on probation and was moved to the Community Corrections program after he violated his probation once. He testified that his current violation was his third.

The Defendant stated that he had been asked to leave two rehabilitation programs before completing them, the first for having a cell phone and the second for leaving the facility to buy tobacco. He agreed that the methamphetamine found in Mr. Davis's car belonged to him and was for his personal use. The Defendant stated that, if released, he would go to a rehabilitation facility in Mobile, Alabama called Mission of Hope where there was "a bed" for him.

He stated that his hometown, Lawrenceburg, was "ate up with meth" and that everyone he knew was either using or selling methamphetamine. He stated that he had "dabbled" with drugs while on probation. The Defendant agreed that he had been admitted to the rehabilitation program in Mobile once before in 2018 and had stayed forty-five days before getting kicked out.

At the conclusion of the hearing, the trial court summarized the Defendant's criminal history, including his history on probation and the number of violations. Based

on this history and repeated failed opportunities with probation and rehabilitation, the trial court revoked the Defendant's Community Corrections sentence and ordered him to serve the remainder of his sentence in confinement. It is from this judgment that the Defendant now appeals.

## II. Analysis

On appeal, the Defendant contends that the trial court abused its discretion when it revoked his Community Corrections sentence because the Defendant's record indicates a severe methamphetamine addiction that needs to be addressed. The State responds that the trial court did not abuse its discretion when it revoked the Defendant's Community Corrections sentence. We agree with the State.

The decision to revoke a community corrections sentence rests within the sound discretion of the trial court. *State v. Harkins*, 811 S.W.2d 79, 82-83 (Tenn. 1991) (applying the probation revocation procedures and principles contained in Tennessee Code Annotated section 40-35-311 to the revocation of a community corrections placement based upon "the similar nature of a community corrections sentence and a sentence of probation"); *see also State v. Pollard*, 432 S.W.3d 851, 864 (Tenn. 2013) (holding that an abuse of discretion standard with a presumption of reasonableness applies to all sentencing decisions). To establish an abuse of discretion, the defendant must show that there is no substantial evidence in the record to support the trial court's determination regarding the violation. *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2000) (citing Harkins, 811 S.W.2d at 82). A violation of probation or community corrections need only be proven by a preponderance of the evidence. *See* Tenn. Code Ann. § 40-35-311(e)(1) (2019); *see also* Tenn. Code Ann. § 40-36-106(e)(3)(B) (2019). If the evidence is sufficient to show a violation of the terms of supervision, the trial court may, within its discretionary authority, revoke the community corrections sentence and require the defendant to serve his sentence in confinement "less any time actually served in any community-based alternative to incarceration." Tenn. Code Ann. § 40-36-106(e)(4) (2019).

There was overwhelming evidence presented during the revocation hearing to prove that the Defendant violated the conditions of his Community Corrections sentence. The Defendant tested positive for numerous drugs numerous times and was arrested for possession of crystal methamphetamine. The Defendant has been given alternative sentences and has been admitted to a rehabilitation facility numerous times. By his own admission, the Defendant has been unable to comply with multiple opportunities to complete an alternative sentence. The trial court did not abuse its discretion by revoking Defendant's Community Corrections sentence and ordering him to serve the remainder of his sentence in confinement. The Defendant is not entitled to relief.

4

### III. Conclusion

In accordance with the foregoing reasoning and authorities, we affirm the trial court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE